IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Salomon Echeverria, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Tate & Kirlin Associates, Inc. and CVI SGP-CO Acquisition Trust,<br><br>    Defendant(s). | Civil Action No: 4:19-cv-421<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff SALOMON ECHEVERRIA ("Plaintiff"), by and through his attorney, SHAWN JAFFER LAW FIRM PLLC, and brings this Class Action Complaint against Defendant Tate & Kirlin Associates, Inc. ("Tate") and Defendant CVI SGP-CO Acquisition Trust ("CVI") collectively referred to as ("Defendants"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

## PREMLIMINARY STATEMENT

1. This is a class action for actual and statutory damages, injunctive relief, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

**Plaintiff:**

4. Plaintiff is a natural person residing at 5467 Lubbock Ave, Fort Worth, TX 76133.

5. Plaintiff is allegedly obligated to pay a debt to the Defendants.

6. Plaintiff is a "Consumer" meaning any natural person obligated or allegedly obligated to pay any debt.

7. Plaintiff is allegedly obligated to pay a debt for a Zale Delaware Inc credit card with a balance of $208.86.

8. The "Original Creditor" Zale Delaware Inc.

9. The "Current Creditor" is CVI SGP-CO Acquisition Trust.

10. The alleged debt at issue is an obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**Defendant Tate:**

11. Defendant Tate is a corporation that is organized under the laws of the State of Pennsylvania.

12. Defendant Tate is a collection agency headquartered at 580 Middletown Blvd, Suite 240, Langhorne, PA 19047 and maintains a registered agent for service of process, National Registered Agents, Inc at 1999 Bryan St, Ste. 900, Dallas, TX 75201.

13. Defendant Tate is a "Debt Collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

14. Defendant Tate engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

15. At all times material hereto, Defendant Tate was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

**Defendant CVI:**

16. Defendant CVI is a statutory trust that is organized under the laws of the State of Delaware.

17. Defendant CVI is a debt buyer located in Delaware and maintains a registered agent for service of process, Wilmington Savings Fun Society, FSB, at 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801.

18. Defendant CVI is a "Debt Collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

19. Defendant CVI engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

20. At all times material hereto, Defendant CVI was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

## CLASS ALLEGATIONS

21. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

22. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

23. The Class consists of:

    (1) all individuals with addresses in the State of Texas;

    (2) to whom Defendants sent a collection letter identified as "601567 * 00002664" attempting to collect a consumer debt;

    (3) which did not disclose "that the communication is from a debt collector"; and

    (4) which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

24. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

25. Excluded from the Plaintiff Classes are the Defendants' and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

26. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

27. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

    28.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (1) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleged, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (2) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions have predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

    (3) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (4) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(5) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because an individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

29. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS
*Violation – Collection Letter Dated April 29, 2019*

31. On or about April 29, 2019 the Defendant Tate sent Plaintiff a collection letter ("Letter") to collect an alleged debt owed to Defendant CVI in the amount of $208.86 for an alleged consumer credit card debt incurred to Zales Delaware Inc. The Letter is attached hereto as Exhibit "A".

32. The Letter does not inform the Plaintiff that it was a communication from a debt collector.

33. The Letter does not provide the Plaintiff a notice of his consumer rights to dispute the validity or demand verification of the alleged consumer debt as required pursuant to 15 U.S.C. §§ l692g.

34. The Defendants have used false, deceptive or misleading representations or means in the collection of the alleged debt when they failed to provide the Plaintiff a notice of his consumer rights.

35. The Defendants have used false, deceptive or misleading representations or means in the collection of the alleged debt when they failed to notify the Plaintiff that the communication is from a debt collector.

36. The Defendants communication to Plaintiff was not a formal pleading made in connection with a legal action.

37. The Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debt when they did not disclose to the Plaintiff that Defendant Tate was a debt collector and also when Defendant Tate did not provide the Plaintiff a notice of his consumer rights to dispute and demand verification of the consumer debt.

38. Plaintiff has suffered an informational injury from the Defendants' actions.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e, 1692f, & 1692g *et seq*. Against Defendant Tate & Defendant CVI**

39. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

40. Defendant's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

41. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

   (1) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. §1692e;

   (2) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10); and

   (3) The failure to disclose in the initial written communication with the consumer and, … the failure to disclose in subsequent communications that the communication is from a debt collector, 15 U.S.C. §1692e(11).

42. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt.

   (1) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. §1692f; and

43. Section §1692g provides contents for a Notice of Debt.

44. The Defendants violated 15 U.S.C. §1692e, e(10), e(11), §1692f, and §1692g when the Defendants sent the Letter to the Plaintiff that did not notify the Plaintiff that Defendant Tate's Letter was a communication from a debt collector.

45. The Defendants violated 15 U.S.C. §1692e, e(10), e(11), §1692f, and §1692g when the Defendants sent the Letter to the Plaintiff without providing him a consumer notice regarding his rights to dispute and demand verification of the debt.

46. For these reasons, the Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

## DEMAND FOR TRIAL BY JURY

47. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative, and Shawn Jaffer, Esq. as Class Counsel;

(2) Awarding Plaintiff and the Class statutory damages;

(3) Awarding Plaintiff and the Class actual damages;

(4) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(5) Awarding pre-judgment interest and post-judgment interest; and

(6) Awarding Plaintiff and the Class such other or further relief as the Court deems proper.

DATED: May 22, 2019                         Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*                                      .
Shawn Jaffer
TX Bar No.: 24107817
9300 John Hickman Pkwy, Suite 1204
Frisco, Texas 75035
Phone: (214) 210-9910
Fax:    (214) 594-6100
Email: shawn@jafflaw.com
***Attorney for Plaintiff Salomon Echeverria***